UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIRO PADIN,<br><br>                                 Plaintiff,<br><br>-against-<br><br>EATON BURKE, 12NPARK INC., and FEDEX GROUND PACKAGE SYSTEM, INC.<br><br>                                 Defendant(s). | Case No. 1:25-cv-03164 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On May 1, 2025, Defendants Eaton Burke, 12NPark, Inc. and Fedex Ground Package System, Inc. (collectively, the "Defendants") filed a corrected notice of removal invoking the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* Dkt. 7. Although Defendants state that complete diversity of citizenship exists between the parties in this case because "Plaintiff is a citizen of New Jersey, Defendant Burke is domiciled in New York and Defendants, 12NPARK and FEDEX are corporations with headquarters in New York and Tennessee," Defendants merely allege Plaintiff's state of residence, not Plaintiff's state of citizenship. *Id.* ¶ 6. The Notice of Removal cites to the Complaint, which likewise only states that "[a]t all times herein after mentioned, Plaintiff, Jairo Padin, was, and is, a resident of the County of Passaic, State of New Jersey." Dkt. 7-1 ¶ 1. This is not enough. *See, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . ."). Moreover, "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir.

1

1998) (first citing *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); and then citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

Accordingly, no later than **May 9, 2025**, Defendants shall file an amended notice of removal properly establishing the *citizenship* of each party to this action. If, by that date, Defendants do not file an amended notice of removal establishing this Court's subject-matter jurisdiction, the Court will remand the case to state court.

Dated: May 2, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge