UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIRO PADIN,<br><br>         Plaintiff,<br><br>  -against-<br><br>EATON BURKE, 12NPARK, INC., and FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>         Defendants. | Case No. 1:25-cv-03164 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On May 2, 2025, the Court ordered Defendants to file an amended notice of removal properly establishing the citizenship of each party to this action. Dkt 9. As the Court explained in its prior order, alleging residency is not sufficient to establish citizenship for purposes of diversity jurisdiction. *See, e.g., Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

On May 7, 2025, Defendants filed an amended notice of removal, asserting that, "[u]pon information and belief . . . Plaintiff is a citizen of the County of Passaic, State of New Jersey." Dkt. 11 ¶ 6. The notice of removal, however, still cites to the Complaint for this assertion. The Complaint only alleges Plaintiff's state of residency. Dkt. 11-1 ¶ 1 ("At all times hereinafter mentioned, Plaintiff, Jairo Padin, was, and is, a resident of the County of Passaic, State of New Jersey."). What is relevant for purposes of diversity jurisdiction is Padin's state of domicile, not his state of residency. *See, e.g., Hakkila v. Consolidated Edison Co. of New York, Inc.,* 745 F. Supp. 988, 989-90 (S.D.N.Y. 1990) ("For the purposes of diversity jurisdiction, an individual is a citizen of the state in which she is domiciled . . . It is well established that domicile is not synonymous with residence.").

Defendants shall file an amended notice of removal establishing Plaintiff's state of domicile no later than **May 15, 2025**. If Defendants are unable to do so, this case shall be remanded to state court. *See, e.g., Advanti Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) ("The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.").

Dated: May 8, 2025
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

2